UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSA CAMPBELL,

    Plaintiff,

v.                                                      Case No: 6:24-cv-1566-JSS-RMN

PAUL DEERING,

    Defendant.
_____/

## ORDER

Defendant moves to dismiss the verified second amended complaint (Dkt. 15) for failure to state a claim. (Dkt. 19.) Plaintiff, proceeding pro se, opposes the motion. (Dkt. 35.) The magistrate judge assigned to this case recommends that the court deny the motion. (Dkt. 37.) Defendant objects to the recommendation, (Dkt. 39), and Plaintiff responds to the objections, (Dkt. 40). Upon consideration, for the reasons outlined below, the court overrules Defendant's objections, adopts the recommendation, and denies the motion to dismiss.

### BACKGROUND[1]

Plaintiff alleges that in June 2024, she attended a meeting of the Republic Executive Committee of Volusia County as a committee person. (Dkt. 15 ¶ 4.) The meeting's purpose, according to her, was to allow members to vote on endorsements

---

[1] The court accepts the well-pleaded factual allegations in the second amended complaint (Dkt. 15) as true and construes them in the light most favorable to Plaintiff. *See Harry v. Marchant*, 291 F.3d 767, 769 (11th Cir. 2002) (en banc).

for candidates for public office. (*Id.*) Plaintiff claims that over three hundred committee members attended the meeting. (*Id.* ¶ 5.) She reports that as candidates presented their campaigns during the meeting, she used her phone to record the first six presentations. (*Id.*) Allegedly, at that point, Defendant—acting as the committee's chair—walked over to Plaintiff and told her to "put [her] phone down" because the meeting was not public. (*Id.* ¶ 6.) Plaintiff states that she complied with Defendant's instruction even though members of the public attended the meeting and many attendees apart from her "us[ed] their devices to take photos and record [c]andidates" during the meeting. (*Id.*) Plaintiff alleges that when she stood up and raised her hand to speak, Defendant ignored her, and when she twice moved to be heard, he summarily denied each motion. (*Id.*) Then, purportedly, Defendant "immediately called on" a deputy "to have [Plaintiff] removed from the meeting" before she could finish voting on all the endorsements. (*Id.* ¶ 7.) Plaintiff claims that Defendant "neglected the rules of procedure" and thus deprived her of "the right to motion, which is a right arising out of oath and/or contract" as a committee member. (*Id.* ¶ 8.)

Plaintiff alleges that Defendant subjected her to race-based disparate treatment when he had her removed from the meeting. (*Id.* ¶¶ 1, 3, 7–9.) She states that she is an African American, and although she was removed, individuals outside her race who used phones to record candidates were not removed. (*Id.* ¶¶ 1, 7–8.) Plaintiff further states that she was the only woman at the meeting whose hair was in dreadlocks and that Defendant had previously "made a racial slur in singling [P]laintiff out as

being '[o]ur token black.'" (*Id.* ¶ 9.) Plaintiff sues Defendant under 42 U.S.C. § 1981, asserting that her removal from the June 2024 meeting deprived her of "the afforded contractual rights of all the rest of the committee members under oath." (*See* Dkt. 15 at 1–2, 5.) Plaintiff seeks nominal, compensatory, and punitive damages. (*Id.* at 5.)

Defendant moves to dismiss Plaintiff's claim arguing that it fails to allege the impaired contractual relationship required under section 1981. (*See* Dkt. 19.) Defendant contends that Plaintiff's conclusory references to contractual rights arising from an oath do not suffice to state a claim because the oath does not create contractual obligations for Defendant. (*Id.* at 5–7.) In Defendant's words, "an oath is not a contract." (*Id.* at 6.) Plaintiff responds that the members of the committee have binding obligations to one another based on oaths, rules, bylaws, and statutes, (*see* Dkt. 35), and that "[t]hese obligations form an enforceable contract," (*id.* at 2). The magistrate judge agrees with Plaintiff and recommends denial of the motion. (Dkt. 37 at 5.) The magistrate judge explains that "[l]iberally construed," Plaintiff's pro se pleading "plausibly allege[s] the existence of a contract and discriminatory enforcement or performance of that contract." (*Id.*) The magistrate judge reads the second amended complaint as indicating that Plaintiff agreed to be bound by rules when she joined the committee and that "Defendant violated those rules when he had her removed from the meeting because of her race." (*Id.*) Defendant objects to the magistrate judge's recommendation and maintains that although Plaintiff's response mentions contractual obligations arising under sources besides oaths, Plaintiff's pleading relies on her oath alone. (Dkt. 39 at 3.) In addition, Defendant argues:

- 3 -

"Plaintiff d[oes] not allege . . . that she agreed to be bound by any rules." (*Id.*)  In response to Defendant's objections, Plaintiff states that the alleged contractual relationship "aris[es] from membership in" the committee.  (Dkt. 40 at 1.)

## APPLICABLE STANDARDS

After conducting a careful and complete review of a magistrate judge's findings and recommendations, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72.  With respect to nondispositive matters, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or . . . contrary to law."  Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020).  For dispositive matters, the district court must conduct a de novo review of any portion of the recommendation to which a timely objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed.").  Even in the absence of a specific objection, the district court reviews any legal conclusions de novo.  *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).[2]

---

[2] When a party fails to "object to a magistrate judge's findings or recommendations . . . in accordance with . . . 28 U.S.C. § 636(b)(1)," the party "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," provided that "the party was informed of the time period for objecting and the consequences on appeal for failing to object."  11th Cir. R. 3-

Although the court "give[s] liberal construction" to pro se filings, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), the leniency afforded to pro se plaintiffs "does not give [the] court license to serve as de facto counsel for [them] or to rewrite an otherwise deficient pleading . . . to sustain an action," *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (emphasis and citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, pro se plaintiffs are still "required . . . to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *see Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). One such procedural rule—Federal Rule of Civil Procedure 8(a)(2)—requires a complaint to "contain . . . a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In deciding a motion to dismiss for failure to state a claim, the court "accept[s] the allegations in the [operative] complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). The court generally "limits its consideration to" the complaint and any exhibits

---

1. Here, the magistrate judge's recommendation informed the parties of the time period for objecting and of the consequences for failing to object. (Dkt. 37 at 5–6.) Absent "a proper objection," a waived challenge is reviewable only "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. Plain error review "rarely applies in civil cases." *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011). When plain error review does apply, it "require[s] a greater showing of error than in criminal appeals." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017), *abrogated on other grounds by Bostock v. Clayton County*, 590 U.S. 644 (2020).

attached thereto, *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993) (citing Fed. R. Civ. P. 10(c)), and "a plaintiff cannot amend [the] complaint through a response to a motion to dismiss," *Gause v. Med. Bus. Consultants, Inc.*, 424 F. Supp. 3d 1175, 1201 (M.D. Fla. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etailed factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

Section 1981 commands that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts." 42 U.S.C. § 1981(a). The statute defines the right to "make and enforce contracts" as "includ[ing] the making, performance, modification, and termination of contracts[] and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). "Section 1981 applies to the creation and enforceability of all contracts." *Watts v. Joggers Run Prop. Owners Ass'n*, 133 F.4th 1032, 1044 (11th Cir. 2025). A section 1981 plaintiff "must allege (1) intentional racial discrimination

(2) that caused a contractual injury." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021).

Defendant does not dispute the first element, (*see* Dkts. 19, 39), and Plaintiff plausibly pleads that Defendant subjected her to intentional race-based discrimination when he had her removed from the meeting but did not have individuals outside her race removed even though like her, they recorded candidates with their phones, (*see* Dkt. 15). *See Faulk v. City of Orlando*, 731 F.2d 787, 790–91 (11th Cir. 1984) (reversing the dismissal of a section 1981 count for failure to state a claim when the pro se plaintiff alleged that individuals outside his race did not suffer the same adverse action as him even though they engaged in similar misconduct). Defendant's alleged singling out of Plaintiff as "[o]ur token black" prior to the June 2024 meeting, (Dkt. 15 ¶ 9), also supports her claim of intentional race-based discrimination. *See Lasher v. Day & Zimmerman Int'l, Inc.*, 516 F. Supp. 2d 565, 570, 575, 578–79 (D.S.C. 2007) (in the context of sex-based discrimination under Title VII, relating the plaintiff's deposition testimony that when a vice president for the defendant construction company interviewed her for a job, he described the meeting as a "token interview" with a female candidate, and explaining that this description was evidence that the plaintiff's sex motivated the vice president's actions toward her); *see also Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1336 (11th Cir. 2024) (analyzing Title VII and section 1981 claims together because the statutes "have the same burden of proof and use an identical analytical framework").

With respect to the second element, at the pleading stage the plaintiff does not

need to specify a contractual provision or right involved in the action; rather, she only needs to "identify an impaired contractual relationship under which she had rights." *Watts*, 133 F.4th at 1044 (cleaned up). When the court considers the entirety of the second amended complaint, construes it liberally, accepts its facts as true, and draws all reasonable inferences in Plaintiff's favor, *see Henley*, 945 F.3d at 1326; *Albra*, 490 F.3d at 829, Plaintiff sufficiently identifies the impaired contractual relationship as arising from membership in the committee, (*see* Dkt. 15). *See Sult v. Gilbert*, 3 So. 2d 729, 731 (Fla. 1941) ("[T]he [c]onstitution and by-laws of a voluntary [a]ssociation[,] when subscribed or assented to by the members[,] become[] a contract between each member and the [a]ssociation . . . ."); *Elbadramany v. Stanley*, 490 So. 2d 964, 966 (Fla. Dist. Ct. App. 1986) (same). Defendant's objections notwithstanding, the second amended complaint's reference to the membership oath for the committee rather than to the constitution and by-laws, (*see* Dkt. 15), does not require dismissal because when the court construes the complaint liberally, it concludes that in essence, Plaintiff uses the oath as shorthand for the obligations arising from committee membership, which are contractual in nature as set by the constitution and by-laws. *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 642–43 (9th Cir. 2018) (reading the pro se allegation that officers "beat the crap out of" the plaintiff as the "use of a colloquial, shorthand phrase" to claim excessive force). Because the second amended complaint states a claim for relief, the court denies the motion to dismiss.

## CONCLUSION

After undertaking an independent de novo examination of the case file and

- 9 -

carefully considering the magistrate judge's recommendation and Defendant's objections thereto, the court agrees with the recommendation. Accordingly:

1. Defendant's objections (Dkt. 39) are **OVERRULED**.

2. The recommendation (Dkt. 37) is **ADOPTED**.

3. Defendant's motion to dismiss (Dkt. 19) is **DENIED**.

4. On or before July 8, 2025, Defendant shall file an answer to the second amended complaint (Dkt. 15).

**ORDERED** in Orlando, Florida, on June 24, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record