UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSA CAMPBELL,

    Plaintiff,

v.   Case No: 6:24-cv-1566-JSS-RMN

PAUL DEERING,

    Defendant.
_____/

## ORDER

Plaintiff, proceeding pro se, moves for judgment on the pleadings. (Dkt. 43.) Defendant opposes the motion. (Dkt. 44.) Upon consideration, for the reasons outlined below, the court denies the motion.

## BACKGROUND

In the operative second amended complaint, Plaintiff alleges that Defendant violated 42 U.S.C. § 1981 by removing her from a June 2024 meeting of the Republic Executive Committee of Volusia County based on her race. (Dkt. 15.) In his answer, Defendant admits that Plaintiff was removed from the meeting but denies that the removal was based on Plaintiff's race. (Dkt. 42.) In fact, Defendant denies "having engaged in any discriminatory conduct toward Plaintiff." (*Id.* ¶ 7.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the

pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1232–33 (11th Cir. 2005). "In determining whether a party is entitled to judgment on the pleadings, [the court] accept[s] as true all material facts alleged in the non-moving party's pleading[] and . . . view[s] those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). The court treats as false any allegations made by the moving party that the non-moving party denies. *See Whitehurst v. Liquid Env't Sols., Inc.*, 45 F. Supp. 3d 1328, 1339 (M.D. Fla. 2014). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez*, 774 F.3d at 1335.

## ANALYSIS

Section 1981 commands that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts." 42 U.S.C. § 1981(a). A section 1981 plaintiff "must allege (1) intentional racial discrimination (2) that caused a contractual injury." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021). The pleadings show a material dispute of fact regarding, at least, whether Defendant engaged in intentional racial discrimination toward Plaintiff. Plaintiff alleges that he did, and Defendant denies the allegation. (*See* Dkts. 15, 42.) Judgment on the pleadings is thus due to be denied. *See Perez*, 774 F.3d at 1335; *see*

*also Baker v. JEA*, No. 3:20-cv-889-MMH-JRK, 2021 WL 1390007, at *2, 2021 U.S. Dist. LEXIS 71108, at *3–5 (M.D. Fla. Apr. 13, 2021) (denying a pro se plaintiff's motion for judgment on the pleadings as to race discrimination claims because the denials in the defendant's answer—including the denial that "any discriminatory conduct occurred" during the relevant period—"establish[ed] the existence of material issues of fact in dispute"); *cf. Bond v. Sterling, Inc.*, 997 F. Supp. 306, 311–12 (N.D.N.Y. 1998) (denying the plaintiff's motion for judgment on the pleadings as to pregnancy discrimination claims because the defendants' general denial of the claims "raise[d] material fact issues as to whether [the] defendants unlawfully discriminated against [the] plaintiff based on her pregnancy").

## CONCLUSION

Accordingly, Plaintiff's pro se motion for judgment on the pleadings (Dkt. 43) is **DENIED**.

**ORDERED** in Orlando, Florida, on August 25, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record